UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| DANIEL CAMERON, in his Official<br>Capacity as Attorney General of Kentucky,<br><br>     Plaintiffs,<br><br>v.<br><br>ANDREW G. BESHEAR, in his Official<br>Capacity as Governor of Kentucky, *et al.*,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 3:20-cv-00023-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is Plaintiff Attorney General Daniel Cameron's Motion to File Intervening Complaint.  [R. 40.]  Although the Travel Orders challenged by the original plaintiffs in this action are no longer in effect, the Attorney General asks the Court to proceed with this lawsuit.  For the following reasons, the Attorney General's Motion [R. 40] is DENIED.

**I**

This lawsuit was filed in response to actions undertaken by Defendant Governor Andrew Beshear to mitigate spread of the coronavirus in the Commonwealth of Kentucky.  On March 30, 2020, as part of his efforts to "flatten the curve,"[1] Governor Beshear issued an executive order instructing Kentuckians to refrain from travel interstate except "when required by employment; to obtain groceries, medicine, or other necessary supplies; to seek or obtain care by a licensed

---

[1] The term "flatten the curve" refers to slowing the spread of the coronavirus through the population.  The goal is to "reduce[] the number of cases that are active at any given time, which in turn gives doctors, hospitals, police, schools, and vaccine-manufacturers time to respond, without becoming overwhelmed."  Siobhan Roberts, *Flattening the Coronavirus Curve*, The New York Times, https://www.nytimes.com/article/flatten-curve-coronavirus.html.  The result is that, when plotted on a line graph, the rate of infection appears as a flattened curve rather than a steep peak.

healthcare provider; to provide care for the elderly, minors, dependents, persons with disabilities, or other vulnerable persons; or when required by court order." Executive Order 2020-258. Those residents returning to Kentucky from out of state "must . . . self-quarantine for fourteen days." *Id.* Days later, Governor Beshear executed Executive Order 2020-266 which further restricts travel into Kentucky. Pursuant to that order, "residents of any other state than the Commonwealth of Kentucky may not travel into Kentucky," except for the same limited reasons allowed under Executive Order 2020-258. Out-of-state residents who enter Kentucky despite the order "must upon their entry into Kentucky self-quarantine for 14 days."

Attorney General Daniel Cameron was originally named as a defendant in this case. [R. 1.] On May 5, 2020, the Court dismissed the Attorney General as a defendant and granted the Attorney General's Motion to Realign as Plaintiff, which the Court construed as a motion to intervene. [R. 23; R. 34.] The Kentucky Supreme Court has explained that the Kentucky Attorney General has a "common-law obligation to protect public rights and interests by ensuring that our government acts legally and constitutionally." *Commonwealth ex rel. Beshear v. Bevin*, 498 S.W.3d 355, 362 (Ky. 2016). Therefore, the Court found the Attorney General was an appropriate plaintiff to represent the interests of the Commonwealth to enjoin the enforcement of the challenged executive orders. [R. 34 at 9.]

Since then, however, another District Judge in the Eastern District of Kentucky has found the Governor's restraint on interstate travel to be unconstitutional. *See Roberts v. Neace*, No. 2:20-CV-054-WOB, 2020 U.S. Dist. LEXIS 77987 (E.D. Ky. May 4, 2020). In response to that decision, the Governor rescinded the offending orders and issued a new order governing travel. [R. 41 at 2.] Instead of prohibiting travel into and out of the Commonwealth, and mandating quarantine for those who cross state lines, under the new order "[a]ny person entering the

Commonwealth with the intent to stay is *asked* to self-quarantine for fourteen (14) days[.]" *Id.* (emphasis in original).

Recently, the Attorney General filed a Motion to File Intervening Complaint. [R. 40.] Because the challenged Travel Orders were rescinded, the Attorney General concedes there is no longer a need for a preliminary injunction. *Id.* at 2. However, the Attorney General argues the case is not moot because Governor Beshear has not conceded the unconstitutionality of the original Travel Orders, and "he can indefinitely evade judicial review by revoking and re-imposing the unconstitutional restriction at will." *Id.* at 4. The Governor disagrees. [R. 41.] Governor Beshear argues this case should be dismissed in light of the *Neace* ruling and because the unconstitutional Travel Orders have been rescinded. *Id.* at 1.

## II

"[F]ederal courts are courts of limited jurisdiction" and only have power to hear cases that are "authorized by Constitution and [federal] statute." *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Article III of the United States Constitution empowers the judiciary to adjudicate only actual cases and controversies, and not to issue advisory opinions." *Ala. Power Co. v. Clean Earth Ky., LLC*, 312 Fed. App'x 718, 719 (6th Cir. 2008) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)). Therefore, a federal court may not "give opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it." *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

Here, the Travel Orders that spurred the filing of this lawsuit no longer exist, and the Governor has issued an amended Travel Order designed to conform with District Judge

Bertelsman's Order in *Roberts v. Neace*.  No. 2:20-CV-054-WOB, 2020 U.S. Dist. LEXIS 77987 (E.D. Ky. May 4, 2020).  Nevertheless, the Attorney General argues adjudication of the merits is appropriate for two reasons: first, voluntary cessation of a challenged practice does not deprive the Court of jurisdiction over the matter; and second, the injury asserted is capable of repetition, yet evading review, because the Governor "can continue to reissue similarly problematic executive orders at any time[.]"  [R. 40 at 2-3.]  Neither argument bears weight.

"[V]oluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of that practice, if the conduct might reasonably be expected to recur."  *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 982 (6th Cir. 2012) (quoting *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, (3d Cir. 2008)).  Although the coronavirus pandemic and Kentucky's response to it is ongoing, there is no reason to believe the Governor will re-impose the previous Travel Orders.  Governor Beshear's executive orders have been subjected to numerous constitutional challenges, both in this Court and the Sixth Circuit.  It has never been alleged that the Governor issued the executive orders for any reason other than to protect Kentuckians from the threat of the virus.  *See Maryville Baptist Church, Inc. v. Beshear*, 2020 U.S. App. LEXIS 14213, *11 (6th Cir. May 8, 2020) ("We don't doubt the Governor's sincerity in trying to do his level best to lessen the spread of the virus or his authority to protect the Commonwealth's citizens.").  At no point has the Governor's sincerity been called into question.  Confronted with the ruling in *Roberts v. Neace*, it seems unlikely the Governor will re-issue the old constitutionally infirm Travel Orders.

Nor is the controversy "capable of repetition, yet evading review," as the Attorney General argues.  [R. 40 at 2.]  This exception to mootness applies when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there

is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).  For the reasons already stated, it seems unlikely that the Travel Orders will be reissued.  Likewise, executive orders are not inherently too short in duration to be litigated.  The challenged Travel Orders were in effect for months before they were rescinded and amended.  In that time, these and other executive orders were subject to review in multiple district courts and addressed by the Sixth Circuit.  *See Roberts v. Neace*, No. 2:20-CV-054-WOB, 2020 U.S. Dist. LEXIS 77987 (E.D. Ky. May 4, 2020); *Maryville Baptist Church, Inc. v. Beshear*, No. 3:20-CV-278-DJH, 2020 U.S. Dist. LEXIS 70072 (W.D. Ky. Apr. 18, 2020).  In the unlikely event the restraint on travel is reinstated, the Court will address any constitutional challenge promptly, as it has done with respect to every other constitutional challenge levied against one of Governor Beshear's executive orders.

### III

The Attorney General's challenge to the Executive Orders 2020-258 and 2020-266 was mooted when those orders were rescinded as they pertain to travel, and a new, permissive Travel Order was issued.  Therefore, there is no live "case or controversy" for this Court to adjudicate.  Accordingly, it is hereby **ORDERED** that Attorney General Daniel Cameron's Motion to File Intervening Complaint **[R. 40]** is **DENIED**.  This action is **DISMISSED AS MOOT** and **STRICKEN** from the Court's active docket.

This the 21st day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge